Filed 6/20/25  P. v. Wise CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAMAR BENNIE WISE, JR.,<br><br>    Defendant and Appellant. | E083835<br><br>(Super.Ct.No. FSB22003667)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

A jury found defendant and appellant Lamar Bennie Wise, Jr. guilty of possession of a firearm by a felon (Pen. Code[1] § 29800, subd. (a)(1), count 1), and possession of a controlled substance (Health & Saf. Code § 11370.1, subd. (a), count 2). In a bifurcated proceeding, the court found that defendant had a prior felony conviction and found true the allegation that he suffered one prior strike allegation for possession of a firearm by a felon. (§§ 1170.12, subd. (a)-(d) and 667, subd. (b)-(i).) It also found three aggravating factors to be true. The court subsequently denied defendant's motion to dismiss his prior strike conviction and sentenced him to a total prison term of six years, comprised of the middle term of three years on count 2, doubled pursuant to the strike, and an eight-month term on count 2, stayed under section 654.

Defendant's sole contention on appeal is that the court abused its discretion in refusing to dismiss his prior strike conviction. We affirm.

<u>FACTUAL BACKGROUND</u>

On November 27, 2022, at approximately 2:30 a.m., two San Bernardino police officers were on patrol. They initiated a traffic stop of a car after observing several Vehicle Code violations. The car continued to slow roll, while the driver and the passenger (defendant) made furtive movements inside the car, as if they were trying to hide something. Once the car came to a stop, the driver opened the driver's door and fled. One of the officers ran after the driver. The other officer approached the passenger

_____

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

side of the car, saw defendant, and observed a firearm in the driver's side panel inside the car. The officer detained defendant, and once backup officers arrived, they told him to get out of the car. He refused, so they pulled him from the car and handcuffed him. During a pat down search, officers found a loaded firearm in defendant's pant leg and a usable amount of cocaine in his pocket.

At trial, defendant testified on his own behalf that the driver dropped a firearm in his lap and told him to get rid of it.

The parties stipulated that defendant was previously convicted of a felony, prohibiting him from possessing firearms.

## PROCEDURAL BACKGROUND

At the outset of the sentencing hearing, the court noted that defendant was convicted of being a felon in possession of a firearm in count 1, and that he was previously convicted of the same offense. The court announced its intended sentence as four years on count 2, doubled pursuant to the strike, for a total of eight years. The court stated it would give defendant one-third the midterm on count 1, stayed under section 654, and it added: "My sentencing factors are that it's a repeat offense, involving the same type of conduct. And he's had other prior convictions with parole violations." The court then asked for arguments from counsel.

Defense counsel argued that the current offense was a nonviolent felony, pointing out there was no victim and no assault. Counsel also argued that defendant was "completely compliant" with the police. With regard to the prior strike conviction,

3

defense counsel pointed out that it was a strike conviction because it was a gang related gun possession charge, but the crime did not have a victim, and therefore it was less serious than other crimes that qualify as strikes. Thus, defense counsel argued the court should "consider midterm or even striking the prior strike. . ."

The prosecution argued for imposition of the aggravated term, pointing out that defendant's criminal history began in 1998. He also pointed out that defendant had two prior convictions for being a felon in possession of a firearm — one in 2007, for which he served two years in prison. Despite the time served, he committed the same offense in 2016. Defendant served 16 months on the 2016 conviction, but then committed the same offense in the current case. The prosecutor noted that the court found three aggravating factors true, and the totality of the circumstances weighed in favor of the aggravated term.

The court indicated it considered the parties' arguments, including defendant's argument that he was "merely in possession of a firearm without causing injury to other people." The court replied, "I do note though, however, that bad things happen when people have guns. And the fact that you have a gun unlawfully out on the streets is just asking for something bad to happen."

The court stated that it looked at defendant's criminal history and noted that he had a weapons conviction in 2006, which resulted in a two-year state prison sentence. It further observed that, in 2014, he had another weapons conviction, which resulted in a

4

16-month state prison sentence. The court stated it was inclined to grant the midterm and make it a six-year sentence, since it would be doubled pursuant to the strike.

Regarding the dismissal of the strike, however, the court declined to do so, explaining "the arguments that [the prosecutor] raised is the fact this is a conviction for possession of a firearm, and he's engaged in the same kind of a conduct. So I think that will at least weigh in favor of not striking the strike because the strike has increased punishment for people who continue to conduct the same offence [*sic*]." Thus, after considering the arguments from both sides, the court imposed the middle term of three years on count 2, doubled pursuant to the prior strike.

## DISCUSSION

### The Trial Court Did Not Abuse Its Discretion in Declining to Dismiss Defendant's Prior Strike Conviction

Defendant contends that the trial court abused its discretion when it denied his motion to dismiss his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). He specifically claims that his case falls outside the three strikes scheme because: (1) his prior strike conviction is eight years old; (2) his criminal history includes nonviolent controlled substance offenses, possession of firearm offenses, obstruction of officer offenses, and reckless driving; (3) he has not been convicted of any violent offenses since 2001; and (4) his current offenses were nonviolent. We find no abuse of discretion.

A. *The Court Properly Exercised Its Discretion*

In *Romero,* the Supreme Court held that a trial court has discretion to dismiss prior strike conviction allegations under section 1385. (*Romero, supra,* 13 Cal.4th at pp. 529-530.) In *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), the court identified a number of specific factors a trial court should consider when exercising its discretion. "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the

6

circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Id.* at p. 378.)

The circumstances here were far from extraordinary, and the trial court properly applied the *Williams'* factors to this case in declining to dismiss defendant's prior strike. The court reviewed defendant's background and criminal history, which dates back to 2004, when he was a juvenile. Defendant has two drug offenses as a juvenile, and four felony convictions and one misdemeanor conviction as an adult. As the court specifically noted, defendant had a conviction for carrying a loaded firearm in public (§ 12031, subd. (a)) in 2006 and served two years in state prison. He had another conviction for carrying a loaded firearm in public (§ 25850, subd. (a)) in 2014 and served 16 months in state prison. Defendant's criminal history also includes multiple county jail terms and state prison terms, which apparently did nothing to deter him from committing further crimes, including the current offense, which was another conviction for possessing a firearm. The probation report also shows that he had multiple parole violations. It is clear from the record that prior rehabilitative efforts have been unsuccessful. As the court pointed out, defendant keeps "engag[ing] in the same kind of a conduct."

Considering the trial court's reasons for declining to dismiss defendant's prior strike conviction, we do not find the decision to be arbitrary or irrational. The record shows that the court was aware of its discretion and the applicable factors it must consider in dismissing a prior strike, and that it appropriately applied the factors. Thus,

we cannot say that the court abused its discretion when it declined to dismiss defendant's prior strike conviction.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS</u>

J.

We concur:

<u>McKINSTER</u>

Acting P. J.

<u>MILLER</u>

J.

8